**SUCESION SUAREZ through its members, et al., Plaintiffs, Appellants,**

v.

**Pedro A. GELABERT, et al., Defendants, Appellees.**

**No. 82–1576.**

United States Court of Appeals, First Circuit.

Argued Feb. 7, 1983.

Decided March 9, 1983.

---

Edelmiro Salas Garcia, Ponce, P.R., for plaintiffs, appellants.

Nicolas Jimenez, San Juan, P.R., with whom Jimenez & Fuste, San Juan, P.R., was on brief, for Pedro A. Gelabert.

Lourdes Del Carmen Rodriguez, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., with whom Miguel Pagan, Acting Sol. Gen., San Juan, P.R., was on brief, for defendants, appellees Fred Soltero Harrington and Gabriel Santos.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Plaintiffs in this case are owners of approximately 75 acres of land in the Municipality of Loiza, Puerto Rico, from which they desired to extract sand. Defendants are officials of the Puerto Rico Environmental Quality Board (EQB), the Department of Natural Resources (DNR) and the Municipality of Loiza, all of whom, plaintiffs claim, conspired to deprive them of their property rights without due process of law by refusing to grant them a sand extraction permit.

Under Puerto Rico law, plaintiffs were required, before extracting sand from their land, to receive a sand extraction permit from the DNR. After a public hearing to examine the environmental and public safety effects of the proposed sand extraction, the DNR on February 18, 1977, gave plaintiffs a one year permit to extract sand. The permit was revocable on violation of its terms or of the laws of Puerto Rico. It was also conditioned on the plaintiffs' obtaining from the EQB an emission source permit to operate their sand extraction machine.

In response to public concern, the EQB, rather than simply reviewing the environmental effects of plaintiff's sand extraction machine, held a second set of public hearings to examine the environmental and safety effects of plaintiffs' proposed sand extraction. The EQB determined that the sand extraction would have adverse effects on health, tranquility and general welfare and denied the emissions source permit.

Plaintiffs claimed in the district court that the action of the defendants, in having the EQB review the findings of the DNR and, by denying them an emission source permit, effectively revoking their sand extraction permit, was a taking of their property without due process of law and without just compensation. They sought damages from the defendants, under 42 U.S.C. §§ 1983 and 1985, of approximately $15,000 for the market price of the sand they were prevented from extracting, the value of the land which they alleged had no productive

use other than sand extraction, and other incidental expenses.

In response to motions to dismiss or for summary judgment by the defendants, the court below examined plaintiffs' taking and due process claims. It determined that under Puerto Rico law, plaintiffs had no unqualified right to ownership of the sand located in their property and, therefore, that they were not entitled to compensation for denial of access to it. The court also found that the government's regulation of the use of their land was not so restrictive as to constitute a taking. The court did not dismiss plaintiffs' alleged property interest entirely, concluding that, having been granted a permit by the DNR, plaintiffs had a sufficient interest in the validity of the permit to entitle them to constitutionally adequate procedural protection. The court found, however, that plaintiffs' allegations of political discrimination were insufficient to state a claim for relief, that the EQB was not acting ultra vires when it reviewed the environmental impact of plaintiffs' sand extraction activities, and that there were no material issues of fact as to whether plaintiffs had received the procedural protection which they were due by the EQB.

On appeal, plaintiffs challenge numerous aspects of the ruling below. As to the issues of the nature of plaintiffs' property interest in the sand and in being able to extract it from their land, and as to plaintiffs' claims of political discrimination and conspiracy, we deem it sufficient to rest on the careful analysis of the district court, which is set out at 541 F.Supp. 1253 (D.P.R.1982). Plaintiffs also challenge the court's determination that the breadth of authority granted to the EQB implies that the legislature intended that the EQB have authority to intervene and prevent an activity that would be harmful to the environment even if the activity had been licensed by the DNR, see 12 L.P.R.A. §§ 1121–42. Plaintiffs argue that Puerto Rico law makes the DNR the agency responsible for making the necessary findings before issuance of a sand extraction permit, with

appeal provided to the Superior Court of Puerto Rico. *See* 28 L.P.R.A. § 215(b). We need not resolve this issue, however, because, whatever its merits, it is an issue of state law which, even if it were resolved incorrectly against plaintiffs, does not rise to the status of a constitutional violation. As long as plaintiffs were given the procedural protection to which the Constitution entitles them, and they do not dispute the fact that they were given constitutionally adequate notice and a hearing, the fact that one state agency may have overstepped its authority in exercising appellate review over another state agency does not state a claim for which relief may be granted under 42 U.S.C. §§ 1983 and 1985. *See Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 832–33 (1st Cir.1982).

*Affirmed.*