ALTON LAND TRUST and Cedar Mountain Development Corporation, Plaintiffs, Appellants,

v.

TOWN OF ALTON, et al., Defendants, Appellees.

No. 84–1212.

United States Court of Appeals, First Circuit.

Argued Sept. 10, 1984.

Decided Oct. 12, 1984.

David K. Pinsonneault, Nashua, N.H., with whom Winer, Pillsbury & Bennett, Nashua, N.H., was on brief, for plaintiffs, appellants.

Alan R. Kusinitz, Manchester, N.H., with whom Wiggin & Nourie, Manchester, N.H., Walter L. Mitchell, Nighswander, Martin, Kidder & Mitchell, Laconia, N.H., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COWEN,[*] Senior Circuit Judge, and BOWNES, Circuit Judge.

LEVIN H. CAMPBELL, Chief Judge.

Alton Land Trust ("Trust") and Cedar Mountain Development Corporation ("Cedar") bring this appeal from a decision of the United States District Court for the District of New Hampshire granting a motion to dismiss under Fed.R.Civ.P. 12(b)(6) that the appellee Town of Alton ("Town") had filed. Appellants claim that the Town violated their rights under the fifth and fourteenth amendments by unreasonably denying their applications for subdivision, and that they are therefore entitled to damages under 42 U.S.C. § 1983.

According to allegations in the complaint, the Trust had formerly owned a parcel of land in the town of Alton, New Hampshire, upon which Cedar held an option to purchase. Cedar intended to exercise its option and build condominiums on the tract, and pursuant to applicable local regulations, submitted subdivision and resubdivision plans to appellee Alton Planning Board ("Board") in February 1978. Appellants do not question the validity of the ordinance under which the applications were required to be submitted. Local opposition to Cedar's project developed during the summer of 1978. In September 1978, the Board declared a moratorium on

[*] Of the Federal Circuit, sitting by designation.

Cedar's applications pending action by the town council on a proposed ordinance regulating development on steep slopes. Counsel for the Town later advised the Board that the moratorium was improper.

During the succeeding 13 months, Cedar allegedly faced a series of stumbling blocks placed by the Board in the path of its subdivision application, including the Board's failure to follow its own procedures, the imposition of additional requirements and requests for modifications and clarifications of Cedar's proposal, and the holding of meetings on Cedar's plan without notifying appellants. On October 4, 1979, the Board unanimously disapproved Cedar's proposal.

Appellants then appealed to the Belknap County Superior Court under N.H.Rev. Stat.Ann. 36:34(v), which provides that a reviewing court "may reverse ... when the Court is persuaded by the balance of probabilities ... that [a planning board's] decision is unreasonable." The court-appointed master found that the Board's denial of Cedar's application was indeed unreasonable and ordered that it be reversed. However, the master also found that the Board had acted in good faith, attributing its treatment of Cedar's application to the newness and complexity of the problems it presented. The superior court approved the master's findings in April 1982, as did the New Hampshire Supreme Court in June 1982, on an appeal taken by appellees. But appellants' victory was to no avail, as the Trust lost its tract and Cedar lost its option by foreclosure in October 1982.

Appellants claim that the actions of appellees were unreasonable and arbitrary, depriving them of their property in violation of their fourteenth amendment right to procedural and substantive due process. Appellants further assert that appellees deprived them of their property without just compensation in violation of their rights under the taking clause of the fifth amendment. The district court ruled that appellants had not stated a cause of action on the facts alleged. We agree with the court's analysis and its conclusions.

■ Appellants were not denied due process. New Hampshire law provided them with the right to appeal to the courts from the Board's denial of a permit. When they appealed, their contentions were heard and, indeed, relief was ordered in their favor. It is true that judicial correction took time, but the passage of time is an inevitable part of procedural due process. Expense and collateral injury may unfortunately result if one is forced to appeal in order to secure one's rights, but it is hard to see how this kind of harm can be eliminated. To permit the members of a lower tribunal, whether a planning board or other administrative or judicial body, to be haled into court every time they are later found to have erred would create a whole new range of problems outstripping those the procedure would be intended to resolve.

This case is distinguishable from *Roy v. City of Augusta*, 712 F.2d 1517 (1st Cir. 1983), relied on by appellants. Roy was denied a license to operate a pool hall by the Augusta town council, and he appealed to the Maine courts, which ultimately reversed the council's decision and ordered the council to issue Roy a license. The council issued an expired license instead of a valid one. Roy once more appealed, but lost his property before winning that appeal. We held that the council's improper actions *after* Roy's right to a license had been clearly established by the state courts might support a section 1983 damages claim on due process grounds. Appellants here, in contrast, are seeking to be compensated for actions of a local planning board taken before their rights were authoritatively determined by the New Hampshire courts—actions that the superior court found were in good faith. That characterization of the Board's actions by the superior court alone distinguishes *Roy* from the present case, and is one to which we are bound by familiar principles of collateral estoppel.[1]

In *Roy*, we emphasized that "[a]n unfortunate but unavoidable aspect of all litigation, federal as well as state, is that it takes time and money. To the extent that

---

1. Under New Hampshire law, appellants would

have been able to recover the costs of their

Roy's loss resulted simply from the fact that he ran out of the economic ability to hold on to the premises before his license was secured, we see no federal constitutional question." *Roy*, 712 F.2d at 1523.

As to appellants' claim that the loss resulting from the delay rises to the level of a taking of property for which the fifth amendment requires just compensation, the district court correctly applied precedents from this circuit to the effect that damages are not available in federal proceedings for excessive state land use regulation. *Citadel Corp. v. Puerto Rico Highway Authority*, 695 F.2d 31, 33–34 (1st Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983); *Pamel Corp. v. Puerto Rico Highway Authority*, 621 F.2d 33, 35–36 (1st Cir.1980); *see also Cloutier v. Town of Epping*, 714 F.2d 1184, 1193 (1st Cir.1983).

*Affirmed.*

appeal of the Board's decision had they been able to show bad faith or malice. N.H.Rev.Stat. Ann. 36:34(v). The master's finding that the Board had acted in good faith was therefore necessary to his resolution of whether or not appellants could recover costs.