**DEAN TARRY CORP., Plaintiff,**

v.

**Stanley L. FRIEDLANDER, Charles A. Bunt, Sharon Arthur, Patrick J. Pilla, Peter F. Barbella, Robert G. Lustyik, Jerome W. Blood, A. Frank Reel, and the Village of Tarrytown, New York, Defendants.**

**No. 82 Civ. 5662 (SWK).**

United States District Court, S.D. New York.

Jan. 13, 1987.

Allen, Litt & Hulnick by Arthur A. Litt, Dean Steven Travalino, Tarrytown, N.Y., for plaintiff.

Anderson Russell Kill & Olick, P.C. by Arthur S. Olick, Frederic L. Neustadt, New York City, for defendants.

## MEMORANDUM OPINION
## AND ORDER

KRAM, District Judge.

This action is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Plaintiff, an unsuccessful applicant for approval of its site development plan for property in Tarrytown, New York, complains (1) that the willful and malicious actions of the defendants, the Village of Tarrytown and certain of its officials, without just compensation, deprived it of its legal rights to develop its property in accordance with law in violation of the Takings Clause of the Fifth Amendment and its Fourteenth Amendment rights to procedural and substantive due process, and (2) that defendants unlawfully conspired to continue and perpetuate the illegal deprivation of plaintiff's rights.

Defendants move to dismiss the complaint (1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to state a claim upon which relief may be granted, or (2) as to all of the individual defendants, on the ground that, as municipal officials, they are immune from suit. Defendants move, alternatively, for summary judgment pursuant to Rule 56(b) of the Federal Rules. Plaintiff cross-moves for summary judgment pursuant to Rule 56(a) on the issue of liability.

For the reasons set forth below, defendants' motion for summary judgment is granted as to the Fifth Amendment claim, and defendants' motion to dismiss for fail-

ure to state a claim upon which relief may be granted is granted as to the Fourteenth Amendment and conspiracy claims. Plaintiff's cross-motion for summary judgment is denied, and this suit is dismissed.

## FACTS

The facts are not disputed. Plaintiff Dean Tarry Corporation ("Dean Tarry") owned property in Tarrytown. In June 1979, Dean Tarry submitted a site plan (the "Plan") for a multifamily structure in accordance with the New York Village Law and the Tarrytown Zoning Ordinance.

The Planning Board held three hearings on the Plan. The minutes of these hearings reflect that neighbors to the proposed development generally opposed the Plan.[1] The thrust of their opposition was based on their concern that parking and traffic congestion would occur as a result of the Dean Tarry development.

Although Dean Tarry was found to be in compliance with all technical requirements necessary for Plan approval, the Planning Board denied Plan approval on a vote of three to two. The Board stated that the Plan was "a similar project to that presented to the Board in 1976 and it was turned down then for the reasons of health, safety, and welfare of the people in the area." The Zoning Ordinance gave such discretion to the Planning Board for such concerns.[2]

---

**1.** A petition seeking rejection of the Plan was signed by 278 taxpayers and submitted to the Planning Board.

**2.** Section 7–725 of the New York Village Law provides in pertinent part:

Planning board approval of site plans. The board of trustees may, as part of a local law adopted pursuant to this article or other enabling law, authorize the planning board to review and approve, approve with modifications or disapprove site plans, prepared to specifications set forth in the said local law and/or in regulations of the planning board, showing the arrangement, layout and design of the proposed use of the land shown on such plan. Such local law shall specify the uses for which such approval shall be required and the elements to be included in such plans submitted for approval; such elements may include, where appropriate, those relating to parking, means of access, screen-

ing, signs, landscaping, architectural features, locations and dimensions of buildings, impact of the proposed use on adjacent land uses and such other elements as may reasonably be related to the health, safety and general welfare of the community. When an authorization to approve site plans is granted to a planning board pursuant to this paragraph, the terms thereof may condition the issuance of a building permit upon such approval by the planning board.

Section 10 of the Tarrytown Zoning Ordinance provides in pertinent part:

The Planning Board shall review the Plan or any amendment of it. The approval required by this section or the refusal to approve shall take plqce within 30 days and after the time of the submission of the Plan for approval; otherwise such plan shall be deemed to have been approved.. In considering the approval of the Site Development Plan, the Planning

Individual Planning Board members stated that traffic congestion was one of the principal reasons for Plan rejection. Others also stated that that portion of the building designated as the front of the building in the Plan was erroneous, and that the actual front of the building, from the perspective of traffic flow, was that portion of the building designated as the rear.[3] As a result, the Plan was considered defective as to traffic flow.

*The State Court Litigation*

Dean Tarry sought review of the Planning Board's decision in New York State Supreme Court under Article 78 of the New York Civil Practice Law and Rules in October 1979.[4] Justice Slifkin found the Planning Board's determination erroneous and vacated its decision, holding that the discretion given to the Planning Board in the ordinance and exercised by the Planning Board in its Dean Tarry decision was not authorized by Section 7–725 of the New York Village Law and that, in effect, the Planning Board was claiming the power to spot zone by quasi-judicial fiat.[5]

Tarrytown appealed the decision. The Appellate Division, Second Department, reversed the Slifkin decision [6] "on the law"

and remanded the matter to the Planning Board "to make the findings of fact which underlie its determination." [7]

In October 1980, the Planning Board issued specific findings of fact in support of its decision. The Board found that Dean Tarry's "front-rear" distinction was fictitious, that the Plan would create substantial traffic congestion, that another street would be a more desirable conduit for traffic, and that the impact of the Plan on the adjoining properties would be deleterious.

In November 1980, Dean Tarry commenced a second Article 78 proceeding in the State Supreme Court. In April 1981, Justice Wood again set aside the Planning Board's action.[8] Justice Wood, like Justice Slifkin, held that the discretion given the Planning Board by the Village Zoning Ordinance was improper as beyond the scope of the enabling statute. However, Justice Wood held that, although the Village could delegate "authority over site plan approval" to the Planning Board, the delegation must be pursuant to specific standards. A plan could not be attacked by the Planning Board "for *ad hoc* reasons suddenly and initially created by the Planning Board re-

---

Board shall take into consideration the public health, safety and general welfare, the comfort and convenience of the immediate neighborhood in particular, and shall make any appropriate conditions and safeguards in harmony with the general purpose and intent of this ordinance and particularly in regard to achieving:

(a) Maximum safety of traffic access and egress.

(b) A site layout (including the location, power, direction and time of any outdoor lighting of the site) which would have no adverse effect upon any properties in adjoining residence districts by impairing the established character, or the potential use, or properties in such districts.

(c) The reasonable screening at all seasons of the year, of all playgrounds, parking and service areas from the view of adjacent residential properties and streets.

(d) Conformance of the proposed Site Development Plan with such portions of the master plan of the Village of Tarrytown as may be in existence from time to time.

(e) In applicable cases, a drainage system and layout which would afford the best solution to any drainage problems.

3. There was, at that time, no definition of "front" or "rear" in the Tarrytown Zoning Ordinance.

4. Article 78 of the New York Civil Practice Law and Rules provides a mechanism for judicial review of actions of administrative, judicial or quasi-judicial bodies or officers. Section 7–725(3) of the New York Village Law specifically provides for Article 78 review of decisions of the Village Planning Board.

5. The Slifkin decision is reported at 103 Misc.2d 435, 426 N.Y.S.2d 202 (Sup.Ct.Westchester Co. 1980).

6. The Appellate Division decision is reported at 78 A.D.2d 546, 432 N.Y.S.2d 35 (2d Dep't 1980).

7. Dean Tarry further sought to appeal to the New York Court of Appeals in November 1980, but the appeal was dismissed, *sua sponte,* on the ground that the order appealed from did not finally determine the proceeding. This decision is reported at 52 N.Y.2d 828 (1980).

8. The Wood decision is not a reported decision.

garding the particular project then under consideration."

Whereas Justice Wood specifically recognized that traffic might be a proper Planning Board concern, he held that there must be an overall plan prescribing standards to be followed in the Planning Board's determination of what might constitute adherence to its avowed purpose of protecting the public health, safety and welfare; otherwise a claimant would not have notice of what standards had to be met, and this would amount to what Justice Slifkin had called "spot zoning," because the Board could require an "unannounced standard to be met in an individual case." Accordingly, he found that the findings of the Planning Board were deficient in that they were not based upon evidence in the record but represented a subsequent rationalization "not adopted pursuant to a firm plan previously adopted with expressed standards to be made known to and complied with by prospective applicants."

Tarrytown appealed the Wood decision, but this time the Appellate Division affirmed without opinion.[9] Tarrytown's subsequent appeal to the New York Court of Appeals was dismissed in May 1982 because no substantial constitutional question was directly involved.[10]

### The Legislative Amendments

Shortly after the Slifkin decision, the Tarrytown Village Attorney—who is now a defendant in this action—prepared a draft Zoning Ordinance amendment which defined the meanings of "front" and "rear" as used in the Tarrytown Zoning Ordinance. The draft amendment was introduced at the May 19, 1980 Board of Trustees' meeting. It was discussed at public hearings on July 21, 1980 and May 3, 1982. Dean Tarry representatives opposed adoption at both hearings, contending that the amendment was aimed specifically at Dean Tarry. At the hearings, the Village Attorney pointed out that, while the Dean Tarry

Plan may have precipitated the amendment, there had been other cases where the same issue had been raised, and thus the question was one that had repeatedly plagued the Village. The Trustees unanimously passed the amendment.

In early 1981, as a result of a different developer's request to rezone a piece of property in Tarrytown so that he could build condominiums, another draft amendment restricting the height of new residential construction was proposed. On its face, this legislation had an impact on the Dean Tarry Plan; however, this amendment also was applicable to *all* multifamily residential properties in Tarrytown. Dean Tarry was notified of all hearings relating to this amendment, and, indeed, participated in the hearings by voicing its objections. The Trustees voted three to two to enact this zoning amendment.

### Subsequent Developments

Since the successful completion of its second Article 78 proceeding, Dean Tarry has neither renewed its request for Planning Board approval of its Plan, nor requested the issuance of a building permit for that Plan.

In May 1983, subsequent to the filing of the complaint in this action, Dean Tarry presented a new site development plan (the "New Plan"), which complied with the amended zoning ordinance, to the Planning Board. Although certain comments and suggestions for changes to the New Plan were made at this meeting, three members of the Planning Board, who were at that time defendants in the present action before this Court, suggested that they might have to recuse themselves to avoid any suggestion of conflict of interest, and that this would make it impossible for the Planning Board to obtain a quorum. No action was taken at that meeting, and the matter was left for reference to counsel.

Six months later, in November 1983, a third party appeared before the Planning

---

9. The Appellate Division's affirmance is reported at 86 A.D.2d 648, 449 N.Y.S.2d 552 (2d Dep't 1982).

10. The Court of Appeals decision is reported at 56 N.Y.2d 710, 436 N.E.2d 1336, 451 N.Y.S.2d 734 (1982).

Board and stated that it had contracted to purchase the Dean Tarry property, conditioned on the Planning Board's approval of the third party's own site development plan, which, in fact, was similar to Dean Tarry's New Plan, except that the Planning Board's May 1983 comments had been incorporated into this new plan. In May 1984, after four public hearings, the Planning Board approved this project.

## DISCUSSION

Defendants move to dismiss plaintiff's claims brought under the Civil Rights Act pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Civil Rights Act, 42 U.S.C. § 1983, provides in pertinent part

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be. liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under Section 1983, and withstand a motion to dismiss, a plaintiff must establish (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that this conduct deprived the person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Defendants move in the alternative for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. It is axiomatic that a motion for summary judgment lies only when there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). In considering the motion, this Court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable infer-

ences against the moving party. *Knight v. United States Fire Insurance Co.*, 804 F.2d 9, 10–11 (2d Cir.1986) (citing *Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986); *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985)). If plaintiff withstands the motion to dismiss, then it is this Court's role to determine whether there are material issues to be tried in resolving Dean Tarry's claims or whether the grant of summary judgment is appropriate.

██ Defendants were acting pursuant to authority granted them by various sections of the New York Village Law when they denied Plan approval. It is irrelevant that a state tribunal later declared that the officials exceeded their authority under the relevant state statute in so doing. *See Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524 (1st Cir.1983). Defendants were thus acting under color of New York State law for the purposes of the activities complained of by Dean Tarry, and Dean Tarry has established the first prong of the *Parratt* test for stating a Section 1983 claim. Each claim, as it relates to the second prong of the *Parratt* test or to summary judgment is analyzed separately below.

### The Fifth Amendment Claim

Dean Tarry complains that the Village of Tarrytown and the three members of the Tarrytown Planning Board who voted against the Plan acted "willfully and maliciously" and "wholly" deprived Dean Tarry of its property for public use without just compensation in violation of its rights under the Taking Clause of the Fifth Amendment to the United States Constitution. According to Dean Tarry, as a result of the action of the Planning Board defendants, there was no definite use which Dean Tarry could make of its property from the time the Plan was rejected until a prospective purchaser obtained approval for a different site plan and purchased Dean Tarry's property. The Village, on the other hand, argues that, in order to constitute a constitu-

tional "taking", the governmental interference must be so substantial as to render the property virtually useless, that Dean Tarry has failed to make the necessary showing of a constitutional "taking" within the meaning of the Fifth Amendment, and that this claim must therefore be dismissed.

Dean Tarry's complaint alleges that it was "wholly" deprived of its property without just compensation as a result of defendants' denial of its site plan application. The Federal Rules of Civil Procedure generally require a complaint to contain a short and plain statement of the claim giving defendants fair notice of the claim and the grounds upon which it rests so that defendants can plead responsively. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However conclusory, plaintiff appears to have provided the bare bones outline of a Fifth Amendment claim, although it has provided no showing of how it has been "wholly" deprived of its property. In an abundance of caution, and because pleadings under the civil rights statutes are generally construed liberally, *see Williams v. Vincent*, 508 F.2d 541, 543 (2d Cir.1974); *Escalera v. New York City Housing Authority*, 425 F.2d 853, 857 (2d Cir.), *cert. denied*, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970), this Court will decide this claim based on summary judgment standards and not under standards required for dismissal for failure to state a claim.

▪ The inquiry as to whether a restriction on the development of one's property becomes so burdensome as to result in a constitutional taking is essentially an *ad hoc*, factual one. *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 123–24, 98 S.Ct. 2646, 2658–59, 57 L.Ed.2d 631 (1978). Nonetheless, courts have required that the governmental interest be very substantial to constitute a constitutional taking. The just compensation clause does not require that zoning ordinances permit a landowner to make the most profitable use of his property; the landowner must demonstrate that he has been deprived of all reasonable uses of his land in order to show a constitutional tak-

ing. *C.F. Lytle Co. v. Clark*, 491 F.2d 834, 838 (10th Cir.1974). Furthermore, substantial devaluations in property value have been held to not constitute constitutional takings. *See, e.g., Hadacheck v. Sebastian*, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348 (1915) (decline in value from $800,000 to $60,000 caused by a zoning regulation was not sufficient to constitute a constitutionally prohibited taking); *Park Avenue Tower Associates v. City of New York*, 746 F.2d 135 (2d Cir.1984) (plaintiff's inability to earn a "reasonable return" on its investment does not amount to an unconstitutional taking), *cert. denied*, 470 U.S. 1087, 105 S.Ct. 1854, 85 L.Ed.2d 151 (1985); *William C. Haas & Co. v. City and County of San Francisco*, 605 F.2d 1117 (9th Cir.1979) (decline in value from $2 million to $100,000 not sufficient to constitute a taking), *cert. denied*, 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980).

▪ Defendants claim that there is no set of facts on which Dean Tarry can demonstrate a constitutional taking of its property because the very act of selling its property demonstrated substantial value and because Dean Tarry has failed to demonstrate that it made any efforts during this period to seek alternative uses. When a motion for summary judgment is made and properly supported, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for trial; and if he does not so respond, summary judgment may be entered against him. Fed.R.Civ.P. 56(e). Dean Tarry's responsive pleadings are devoid of any specific facts which demonstrate a constitutional taking of its property, such as a demonstration that no other uses were available or that its property had become worthless. In effect, Dean Tarry claims that because one use was proscribed, all uses were proscribed. Because Dean Tarry sold its property, there are no specific facts which it can allege to demonstrate that its property had become worthless; nor does Dean Tarry make any showing that it attempted to put its property to

alternative use and was unsuccessful.[11] Accordingly, summary judgment in favor of defendants is appropriate on plaintiff's Fifth Amendment claim, and plaintiff's cross-motion for summary judgment is denied.

### The Procedural Due Process Claim

■ Dean Tarry does not contend that it did not receive adequate notice or a meaningful opportunity to be heard with respect to either the Planning Board's actions or the subsequent zoning amendments—the essential elements of a procedural due process claim. *See Parratt v. Taylor*, 451 U.S. at 540, 101 S.Ct. at 1915; *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976); *Brault v. Town of Milton*, 527 F.2d 730, 738–39 (2d Cir. 1975). Dean Tarry challenges neither the adequacy of the Planning Board's hearings or procedures, nor the adequacy of the state court remedies available to it via an Article 78 proceeding to correct the Planning Board's rejection of its Plan. Thus, Dean Tarry makes no specific claim for a deprivation of procedural due process, and, indeed, no procedural irregularity appears from the face of the pleadings. Accordingly, Dean Tarry fails to state a colorable procedural due process claim, and defendants' motion to dismiss as to this claim must be granted. *See Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir.1980) (where, in a case with virtually identical facts, the Third Circuit held that there were no procedural due process claims),

cert. denied, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981).

### The Substantive Due Process Claim

Dean Tarry asserts that the Planning Board "assum[ed] an arbitrary power to make decisions on a case-by-case basis [and] that such arbitrary action was a direct violation of the plaintiff's due process rights" in violation of section 1983. This argument rests not on the Board's failure to have provided procedures and criteria under which applications were evaluated, but rather on the fact that the state court later held that the zoning ordinance, which had been promulgated under the authority of state law and pursuant to which the Planning Board had acted, was invalid for lack of specificity and that, as a result, it improperly gave defendants the ability to make decisions on a case-by-case basis and, in effect, spot zone by quasi-judicial edict.

■ Even taking the factual allegations of the complaint to be true,[12] Dean Tarry has not made out a section 1983 claim because it has failed to identify a constitutional right of which it has been deprived. Dean Tarry asserts that what it sees as defendants' flouting of state law [13] provides the basis for a section 1983 claim. It is axiomatic that not every violation of a state statute amounts to an infringement of a constitutional right, *Paul v. Davis*, 424 U.S. 693, 700, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976), and courts have repeatedly rejected similar attempts to create

11. Almost four years after it submitted its Plan, Dean Tarry submitted an alternative plan which appeared to conform to the amended zoning ordinance to the Planning Board. The Board did not act on the New Plan because of the pendency of Dean Tarry's state court litigation in which three of five Planning Board members had been named as defendants. Dean Tarry, however, makes no showing that it attempted any alternative use during the four years prior to submittal of its New Plan.

12. Dean Tarry's complaint alleges that defendants acted "willfully and maliciously" in denying Plan approval. Yet, in response to defendants' motion to dismiss or for summary judgment, Dean Tarry puts forth no evidence to substantiate this allegation. There is simply no

evidence in the record to indicate that the Tarrytown officials acted other than in complete good faith in discharging their official responsibilities.

13. Defendants, in fact, did not flout state law. They acted in accordance with a zoning ordinance promulgated pursuant to state law. That the zoning ordinance was later held to exceed the authority of the state law is of no significance here. "[P]roperty is not denied without due process simply because a local planning board rejects a proposed development for erroneous reasons or makes demands which arguably exceed its authority under the relevant state statutes." *Creative Environments, Inc. v. Estabrook*, 680 F.2d at 832 n. 9.

a constitutional question out of a state law violation in the land use area, *e.g., Alton Land Trust v. Alton,* 745 F.2d 730, 732 (1st Cir.1984); *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir. 1983); *Sucesion Suarez v. Gelabert,* 701 F.2d 231, 233 (1st Cir.1983); *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 833 (1st Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982); *Couf v. DeBlaker,* 652 F.2d 585, 590 n. 11 (5th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982); *Crocker v. Hakes,* 616 F.2d 237, 239 n. 2 (5th Cir.1980).

Although it is not impossible to derive a theoretical basis for Dean Tarry's argument, acceptance of such a theory would dash all hopes of maintaining a meaningful separation between federal and state jurisdiction because virtually every alleged legal or procedural error of a local planning authority or zoning board could be brought to a federal court on the theory that the erroneous application of state law amounted to a taking of property without due process. *Creative Environments, Inc. v. Estabrook,* 680 F.2d at 831. "Neither Congress nor the courts have, to date, indicated that section 1983 should have such a reach." *Id.* As the *Creative Environments* court further noted:

> Such a claim is too typical of the run of the mill dispute between a developer and a town planning agency, regardless of CEI's characterizations of it and of defendants' alleged mental states, to rise to the level of a due process violation. The authority cited by CEI, as well as other cases, all suggest that the conventional planning dispute—at least when not tainted with fundamental procedural irregularity, racial animus, or the like—which takes place within the framework of an admittedly valid state subdivision scheme is a matter primarily of concern to the state and does not implicate the Constitution. This would be true even were planning officials to clearly violate, much less "distort" the state scheme under which they operate. A federal court, after all, "should not ... sit as a zoning board of appeals." *Every* appeal by a

disappointed developer from an adverse ruling by a local Massachusetts planning board necessarily involves some claim that the board exceeded, abused or "distorted" its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason. It is not enough simply to give these state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial federal question under section 1983.

*Id.* at 833 (citations omitted) (emphasis in original). To permit the members of a lower tribunal, such as a planning board or other administrative or judicial body, to be haled into court every time it is later found to have erred would create a whole new range of problems outstripping those the procedure was intended to resolve. *Alton Land Trust v. Alton,* 745 F.2d at 732.

Dean Tarry is simply a disappointed developer who received an adverse ruling by the Tarrytown Planning Board and who appropriately took his grievance to state court where he received all due redress. Where, as here, there are available state law remedies, recovery under section 1983 will generally be denied. *See, e.g., Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Smith v. Village of Garden City,* 592 F.Supp. 637 (E.D.N.Y.1984).

Furthermore, *Southern Cooperative Development Fund v. Driggers,* 696 F.2d 1347 (11th Cir.1983), *cert. denied,* 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983), and *Scott v. Greenville County,* 716 F.2d 1409 (4th Cir.1983), relied on by Dean Tarry to support its arguments in favor of a constitutional violation, are readily distinguishable from the facts now before this Court because those cases both involved racial animus, an equal protection fact pattern neither alleged nor presented in Dean Tarry's case. Equal protection rights may be violated by gross abuse of power, invidious discrimination, or fundamentally unfair procedures. *Creative Environments, Inc. v. Estabrook,* 680 F.2d at 832 n. 9.

*See also Acorn Ponds v. Incorporated Village of North Hills,* 623 F.Supp. 688 (E.D.N.Y.1985) (plaintiff's claims went beyond allegations of mere errors in the application of zoning ordinances and alleged the use of board members' power for their own self-interest in disregard of their responsibilities to the public interest).

To be sure, were such additional factors present here, they might give rise to genuine constitutional issues. *Chiplin Enterprises v. City of Lebanon,* 712 F.2d at 1527. But, the complaint before this Court does not suggest—or even hint—that that is the case here. Dean Tarry is merely a disappointed developer whose claims [14] do not rise to a constitutional level.

Accordingly, defendants' motion to dismiss as to the substantive due process claims is granted, and Dean Tarry's cross-motion for summary judgment is denied.

*The Conspiracy Claim*

 Plaintiff's second claim alleges a conspiracy on the part of Tarrytown's Mayor, Trustees and Village Attorney to perpetuate the constitutional violations alleged in the first cause of action by participating in a scheme to protract the state court litigation.[15] An unfortunate but unavoidable aspect of all litigation, federal as well as state, is that it takes time and money. To the extent that plaintiff's alleged loss resulted simply from the fact that he suffered delays during the litigation process, this Court sees no federal constitutional question at issue. *See Roy v. City of Augusta,* 712 F.2d 1517, 1523 (1st Cir.1983). Accordingly, defendants' motion to dismiss is granted as to the conspiracy claim, and

plaintiff's cross-motion for summary judgment is denied.

### CONCLUSIONS

Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the Fifth Amendment claim is granted. Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules as to the due process and conspiracy claims is granted. Plaintiff's cross-motion for summary judgment is denied. Accordingly, this action is dismissed.

SO ORDERED.

---

14. Dean Tarry also alleges that the zoning amendments violated his constitutional rights because they affected only Dean Tarry. There is not a scintilla of evidence in the record to support this bald assertion, and it is incongruous at best that any town-wide zoning ordinance such as the amendments before this Court would affect only one developer.

15. This cause of action as set forth in the complaint is founded upon 42 U.S.C. § 1983, which is the jurisdictional base upon which the claim stands or falls. There is, however, no cause of action for conspiracy *per se* under section 1983.

Nor is there a cause of action for "conspiracy to deny due process." *Lesser v. Braniff Airways, Inc.,* 518 F.2d 538, 540 n. 2 (7th Cir.1975). Plaintiff must prove the deprivation of a specifically-protected constitutional right to sustain the conspiracy claim. *See, e.g., Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *423 South Salina Street, Inc. v. Syracuse,* 724 F.2d 26, 27 (2d Cir.1983). This Dean Tarry has failed to do. It should also be noted that 42 U.S.C. § 1985 does provide a cause of action for conspiracy within the context of the Civil Rights Act. However, use of that jurisdictional base would not change the result here.