CONNECTICUT STATE BOARD OF LABOR RELATIONS *v.*
STEPHEN E. FAGIN

| SUPERIOR COURT | NEW LONDON COUNTY | FILE No. 048532 |

Memorandum filed November 3, 1976

*Carl R. Ajello,* attorney general, and *Robert W. Murphy,* assistant attorney general, for the plaintiff.

*Francis F. McGuire,* for the defendant.

DAVID M. SHEA, J. The plaintiff has applied to this court pursuant to General Statutes § 31-108 for an order requiring the defendant, a newspaper reporter, to answer a certain question posed to him as a witness during a hearing before the plaintiff.

The hearing involved the charge against the town of Stonington of an unfair labor practice related to the discharge of a police officer who was president of the police union. The defendant had written a newspaper article, published two days before the proceeding of the board of police commissioners which resulted in the discharge of the officer, which stated that the board was expected to recommend dismissal of the officer. At the unfair labor practice hearing, counsel for the union asked the defendant whether the board of police commissioners of Stonington was the source of his information about the expected action of the board. The defendant refused to answer the question although the chairman of the plaintiff agency ruled that the question was relevant and directed him to answer it.

The question presented by this application is whether a newspaper reporter has any privilege, constitutional or otherwise, to refuse to disclose the source of information which he may have received in confidence.

A few peripheral issues may be disposed of briefly. The claim of the defendant that he was under no compulsion to answer because the subpoena served upon him was not in proper form, having been unsigned, might have prevailed if he had not in fact taken the witness stand and testified. The defendant must be deemed to have waived any deficiencies in the subpoena at the point in his testimony where the question at issue was asked. *State* v. *Kemp,* 126 Conn. 60, 74. Section 31-108 clearly makes "contumacy" as well as "refusal to obey a subpoena" a ground for seeking relief in this court.

The plaintiff claims that, since the question posed to the defendant asked whether the board of police commissioners was the source of his information and did not refer to any particular individual as

the source, the case does not deal strictly with the issue of a newsman's privilege to withhold his source. Although the number of individuals comprising the Stonington board of police commissioners does not appear in the record, if there is such a privilege as claimed, it cannot be whittled down in this fashion to narrow the possibilities. Constitutional privileges where they exist have been traditionally accorded a broad scope commensurate with their purposes. *Malloy* v. *Hogan,* 378 U.S. 1, 11.

In *Branzburg* v. *Hayes,* 408 U.S. 665, the plurality opinion of the Supreme Court, signed by four members, rejected the assertion by newsmen of a constitutional privilege not to disclose the confidential sources of information pertaining to the commission of crimes being investigated by grand juries. A dictum in that opinion (p. 700) indicating that the test of the availability of such a privilege may be "a substantial relation between the information sought and a subject of overriding and compelling state interest" permits an inference that a limited constitutional privilege has been sanctioned. In the concurring opinion of Justice Powell, whose vote was essential to the result, such a limited privilege with respect to the disclosure of confidential sources is recognized. "Indeed, if the newsman is called upon to give information bearing only a remote and tenuous relationship to the subject of the investigation, or if he has some other reason to believe that his testimony implicates confidential source relationships without a legitimate need of law enforcement, he will have access to the court on a motion to quash and an appropriate protective order may be entered." *Branzburg* v. *Hayes,* supra, 710.

The Second Circuit Court of Appeals, whose interpretations of federal constitutional provisions are binding upon this court, has recognized the

limited constitutional privilege of a newsman to withhold confidential sources. "Accordingly, though a journalist's right to protect confidential sources may not take precedence over that rare overriding and compelling interest, we are of the view that there are circumstances, at the very least in civil cases, in which the public interest in non-disclosure of a journalist's confidential sources outweighs the public and private interest in compelling testimony." *Baker* v. *F & F Investment,* 470 F.2d 778, 783 (2d Cir.). Two conditions which must be fulfilled before disclosure of confidential sources may be required are (1) that a reasonable effort first be made by the inquirer to obtain the information sought in some other manner and (2) that the inquiry be designed to elicit information highly relevant to the proceeding. *Baker* v. *F & F Investment,* supra, 784; *Garland* v. *Torre,* 259 F.2d 545, 550–51 (2d Cir.).

The petition in this case founders upon the first of those conditions. The stipulation of fact states explicitly that no effort has been made to identify the source of the defendant's newspaper article except by asking him to make the disclosure. No reason appears why the question involved has not been directed to the members of the police commission.

It is not entirely clear whether the second criterion, that the inquiry have a high degree of relevance to the proceeding, has been met. The ruling of the chairman of the plaintiff agency that the question was relevant so as to be unobjectionable under standard principles of the law of evidence would not be decisive. The information sought must go to the heart of the matter. *Baker* v. *F & F Investment,* supra, 783; *Garland* v. *Torre,* supra, 550. Upon the present state of the record it would be most difficult to evaluate the significance of either

an affirmative or a negative response to the question posed. The plaintiff has the burden of establishing that all the requirements for overruling the claim of privilege have been fulfilled. The record submitted is insufficient to satisfy the court that this burden has been sustained.

It is ordered that judgment enter dismissing the petition.