826 F.2d 210
 DEAN TARRY CORPORATION, Plaintiff-Appellant,
v.
Stanley J. FRIEDLANDER, Charles A. Bunt, Sharon Arthur,
Patrick J. Pilla, Peter F. Barbella, Robert G. Lustyik,
Jerome W. Blood, Frank A. Reel and the Village of Tarrytown,
New York, Defendants-Appellees.
 No. 1068, Docket 87-7134.
 United States Court of Appeals,
Second Circuit.
 Argued April 22, 1987.
Decided Aug. 24, 1987.
 
 Arthur A. Litt, Tarrytown, N.Y. (Allen, Litt & Hulnick, Tarrytown, N.Y., of counsel), for plaintiff-appellant.
 Arthur S. Olick, New York City (Anderson Russell Kill & Olick, New York City, of counsel), for defendants-appellees.
 Before KAUFMAN, MESKILL and MAHONEY, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This is an appeal from a judgment entered in the United States District Court for the Southern District of New York, Kram, J., dismissing Dean Tarry Corporation's complaint brought under 42 U.S.C. Sec. 1983 (1982) against the Village of Tarrytown, New York, and certain of its officials and employees. Dean Tarry appeals from so much of the district court's judgment that held that Dean Tarry lacked a cognizable property interest in having its municipal site development plan approved by the defendants and that rejected its conspiracy claim.
 
 BACKGROUND
 
 2
 Dean Tarry owned property in Tarrytown, New York. In June 1979, Dean Tarry submitted for approval a site development plan outlining a multi-family structure to Tarrytown's Planning Board. The Planning Board rejected the plan, stating that it was "a similar project to that presented to the [Planning] Board in 1976 and it was turned down then for the reasons of health, safety and welfare of the people in the area." Dean Tarry Corp. v. Friedlander, 650 F.Supp. 1544, 1546 (S.D.N.Y.1987).
 
 
 3
 Dean Tarry sought review of the Planning Board's decision under Article 78 of the New York Civil Practice Law and Rules. Justice Slifkin of the Supreme Court, Westchester County, held that the discretion exercised by the Planning Board pursuant to the zoning ordinance was not authorized by the enabling statute, Section 7-725 of the New York Village Law and, in effect, constituted impermissible spot-zoning. Dean Tarry Corp. v. Friedlander, 103 Misc.2d 435, 426 N.Y.S.2d 202, 205-06 (Sup.Ct.1980). Justice Slifkin granted the petition for review and deemed the site plan to have been approved. The Appellate Division, however, reversed Justice Slifkin's decision and remanded the matter to the Planning Board "to make the findings of fact which underlie its determination." Dean Tarry Corp. v. Friedlander, 78 A.D.2d 546, 432 N.Y.S.2d 35, 35 (2d Dep't 1980).
 
 
 4
 In October 1980, the Planning Board issued specific findings of fact purporting to be the basis of its decision. Dean Tarry challenged these findings in another Article 78 proceeding. In an unreported decision, Justice Wood of the Supreme Court, Westchester County, rejected the Planning Board's proffered findings as "merely a subsequent rationalization by [the Planning Board] to justify [its] rejection." J.App. at 105. Justice Wood found that Dean Tarry's plan met all of the technical requirements of the zoning ordinance and, like Justice Slifkin, determined that the discretion given to the Planning Board by the zoning ordinance was beyond the scope of the enabling statute. Id. at 99. Justice Wood thereupon ordered the defendants to approve Dean Tarry's plan. Id. The Appellate Division affirmed. Dean Tarry Corp. v. Friedlander, 86 A.D.2d 648, 449 N.Y.S.2d 552 (2d Dep't), appeal dismissed, 56 N.Y.2d 710, 436 N.E.2d 1336, 451 N.Y.S.2d 734 (1982).
 
 
 5
 In the meantime, shortly after Justice Slifkin's decision, Tarrytown's Board of Trustees unanimously amended the zoning ordinance in a manner preventing approval of Dean Tarry's plan. In early 1981, the Board of Trustees again amended the ordinance, restricting the permissible height of proposed structures such as Dean Tarry's.
 
 
 6
 After prevailing in the state court litigation, Dean Tarry filed the complaint in the instant action. Thereafter, it presented to the Planning Board a new plan which complied with the zoning ordinance as amended. However, no vote was taken because three of the five Planning Board members, defendants herein, recused themselves to avoid a conflict of interest, thereby preventing a quorum. Then Dean Tarry sold the property.
 
 Decision Below
 
 7
 Dean Tarry sought damages, costs and attorney's fees under 42 U.S.C. Sec. 1983 in the district court against defendants for violating Dean Tarry's Fifth and Fourteenth Amendment rights. Dean Tarry alleged, inter alia, that defendants' rejection of the development plan constituted a taking without just compensation and a deprivation of property without due process, and that defendants conspired to prevent Dean Tarry from developing its property by pursuing the appeals in the state court litigation and by passing the zoning amendments.
 
 
 8
 On January 13, 1987, the district court granted defendants' motion for summary judgment and dismissed Dean Tarry's complaint. The district court held, inter alia, that Dean Tarry failed adequately to allege a taking, failed to state a colorable procedural due process claim and did not possess a cognizable property right in the approval of its plan. 650 F.Supp. at 1551-53. The district court also rejected Dean Tarry's conspiracy claim. Id. at 1553. For the reasons that follow, we affirm the judgment of the district court.DISCUSSION
 
 
 9
 The principal question is whether Dean Tarry had a cognizable property interest in having its plan approved where a local zoning ordinance granted the Planning Board broad discretion to disapprove the plan, but where that ordinance was subsequently declared invalid for granting too much discretion to the Planning Board. In answering this question in the negative, the district court overlooked the two leading decisions in this area--Yale Auto Parts v. Johnson, 758 F.2d 54 (2d Cir.1985), and Sullivan v. Town of Salem, 805 F.2d 81 (2d Cir.1986)--in which we articulated the following principles:
 
 
 10
 [T]he question of whether an applicant has a legitimate claim of entitlement to the issuance of a license or certificate should depend on whether, absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted. Otherwise the application would amount to a mere unilateral expectancy not rising to the level of a property right guaranteed against deprivation by the Fourteenth Amendment. [citation omitted].
 
 
 11
 By that standard we [do] not intend to remove from constitutional protection every application for a license or certificate that could, under any conceivable version of facts, be the subject of discretionary action; a theoretical possibility of discretionary action does not automatically classify an application for a license or certificate as a mere "unilateral hope or expectation". On the contrary, our standard [is] intended to be a tool capable of measuring particular applications to determine if the applicant had a legitimate claim of entitlement based on the likelihood that without the due process violation that application would have been granted.
 
 
 12
 Sullivan, 805 F.2d at 85 (quoting Yale Auto Parts, 758 F.2d at 59).
 
 
 13
 In Yale Auto Parts, we reviewed a grant of judgment on the pleadings against a plaintiff-motor vehicle junkyard proprietor who applied to the Zoning Board of Appeals (ZBA) and other officials and employees of West Haven, Connecticut, for a certificate of location approval. The ZBA denied the application. We held that the plaintiff did not possess a cognizable property right in gaining approval of its application despite the defendants' "egregious misconduct" because the defendants possessed "wide discretion" under state law in reviewing such applications. 758 F.2d at 59. We wrote:
 
 
 14
 Since plaintiffs were not entitled as a matter of right to the ZBA certificate of location approval sought by them and there is no allegation that but for the ZBA members' alleged misconduct the ZBA would have been required to award them the requested certificate, they lack any property interest protectible under the Due Process Clause.
 
 
 15
 Id. at 60.
 
 
 16
 In Sullivan, we reviewed a finding of summary judgment against a plaintiff-builder who applied for certificates of occupancy for certain newly constructed houses. 805 F.2d at 83. The building inspector of the defendant Town of Salem refused to issue the certificates despite the builder's apparent compliance with all lawfully imposed requirements. Id. at 85. We wrote that "[i]f the houses complied with the applicable [lawfully imposed] state and municipal requirements, there was no element of discretion or judgment for the building official to exercise in determining whether to issue the certificates." Id. In these circumstances a denial of the certificates "would constitute a deprivation of property without due process." Id.
 
 
 17
 Here, the Planning Board denied Dean Tarry's application in an exercise of the discretion granted to the Planning Board by the zoning ordinance. The ordinance, albeit later struck down as too generous in this regard, specifically permitted the Planning Board to reject applications after taking "into consideration the public health, safety and general welfare."[1]
 
 
 18
 In Sullivan, the unlawful requirement preventing approval of the builder's application came out of thin air; it was not derived from an existing legislative or administrative standard such as the Tarrytown zoning ordinance. See Sullivan, 805 F.2d at 85. Having met all existing requirements, the Sullivan plaintiff clearly would have had a "certainty or a very strong likelihood" of success at the time he submitted his application. Id.
 
 
 19
 In contrast, Dean Tarry's application was rejected pursuant to a zoning ordinance, extant at the time Dean Tarry submitted its plan for approval, that conferred broad discretion on the Planning Board. As in Yale Auto Parts, this discretion, embodied in the governing law, prevented Dean Tarry's expectation of success from rising to the level of certainty required to give rise to a cognizable property right. See Yale Auto Parts, 758 F.2d at 59-60 (town official's broad discretion, embodied in local law, prevented applicant from having sufficient expectation of success to give rise to property right in approval of application).[2]
 
 
 20
 The state courts' decisions invalidating the zoning ordinance and the Planning Board's rejection of Dean Tarry's application do not require a contrary result. The Planning Board possessed wide discretion under then existing law to reject Dean Tarry's site plan on the basis of the Planning Board's assessment of the plan's effect on "the public health, safety and general welfare." This wide discretion prevented Dean Tarry's expectation of success from rising to the level of a property right meriting protection under the Fifth and Fourteenth Amendments.[3] See Board of Regents v. Roth, 408 U.S. 564, 577-78, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) ("unilateral expectation" of gaining entitlement insufficient to constitute property right; claimant must have "legitimate claim of entitlement" to the benefit); Yale Auto Parts, 758 F.2d at 58-59 (no property right where "there is no assurance that if the ... defendants had properly exercised their discretion they would have issued the [license]"). The district court properly found in favor of defendants in this regard.
 
 
 21
 Dean Tarry also appeals from the district court's ruling in favor of defendants as to the conspiracy claim. Dean Tarry alleges that defendants conspired, in violation of 42 U.S.C. Sec. 1983, to prevent Dean Tarry from developing its property by protracting the state court litigation and by amending the zoning ordinance. As noted in Villanueva v. McInnis, 723 F.2d 414 (5th Cir.1984), a conspiracy allegation does not obviate the necessity of proving "an actual deprivation of a constitutional right." Id. at 418. As described above, Dean Tarry did not possess a property right in having its site plan approved. Dean Tarry points to no other deprivation sufficient to maintain a damages action under section 1983. Defendants were entitled to judgment as a matter of law on the conspiracy claim.
 
 
 22
 The judgment of the district court is affirmed.[4]
 
 
 
 [1]
 The ordinance provided in pertinent part:
 The Planning Board shall review the Plan, or any amendment of it. The approval required by this section or the refusal to approve shall take place within 30 days and [sic] after the time of the submission of the Plan for approval; otherwise such Plan shall be deemed to have been approved. In considering the approval of the Site Development Plan, the Planning Board shall take into consideration the public health, safety and general welfare, the comfort and convenience of the public in general and the residents of the immediate neighborhood in particular, and shall make any appropriate conditions and safeguards in harmony with the general purpose and intent of this ordinance.
 Tarrytown Village Zoning Ordinance section 10 (Amendment 14, Sept. 17, 1962), reprinted in J.App. at 57.
 
 
 [2]
 The instant case does not involve a denial of a license or permit implicating equal protection rights, see Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944); Cordeco Development Corp. v. Vasquez, 539 F.2d 256, 260 (1st Cir.), cert. denied, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976), First Amendment rights, see Schad v. Borough of Mt. Ephraim, 452 U.S. 61, 67-77, 101 S.Ct. 2176, 2182-87, 68 L.Ed.2d 671 (1981), or other independent constitutional or statutory rights
 
 
 [3]
 The Supreme Court in Board of Pardons v. Allen, --- U.S. ----, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987), held that the mandatory language in a Montana parole statute created a protected liberty interest by requiring prisoner release when certain prerequisite findings are made. Id. at ----, 107 S.Ct. at 2422. Allen is clearly distinguishable from the case before us, however, because neither N.Y.Village Law Sec. 7-725 nor the Tarrytown ordinance at issue here contains a mandate equivalent to that contained in the Montana parole statute at issue in Allen
 
 
 [4]
 On this appeal Dean Tarry focuses solely on the district court's rejection of Dean Tarry's claimed property right in having its site development plan approved and of its conspiracy claim. We, therefore, restrict our review to that part of the district court's judgment. See Cloutier v. Town of Epping, 714 F.2d 1184, 1189 n. 2 (1st Cir.1983)