ISSUE
Whether this court should grant defendants' motion for CT Page 5603 summary judgment on all counts on the ground that plaintiff does not have a constitutionally protected property interest in a subdivision application and therefore cannot prevail on claims for alleged constitutional violations.
FACTS
The following facts are taken from Judge Walsh's memorandum of decision in the administrative appeal between the parties prior to the present action.
On September 2, 1988, plaintiff Kelley Property Development, Inc. ("Kelley") purchased 573 acres of land within the towns of Lebanon and Colchester for the purpose of developing a residential subdivision.
On May 9, 1989, Kelley submitted a subdivision application for 305 acres of the total parcel to the defendant Lebanon Planning and Zoning Commission ("LPZC"). Kelley's application proposed that 91 of the 305 acres be dedicated as open space lands. The 91 acres includes a lake, two ponds, some wetlands and some drylands. Kelley's proposed area of open space exceeded the LPZC's minimum regulatory requirement that ten percent of a subdivision be dedicated to open space. The regulation specifically states: "The minimum area of open space shall be 10% of the total area of the land to be subdivided. . . . Generally such dedication . . . shall be of such size and location as deemed appropriate by the [LPZC]." LPZC Subdivision Regulation 6.8B.
On September 5, 1989 and September 27, 1989, the LPZC held public hearings on Kelley's subdivision application. The LPZC denied the subdivision application on November 29, 1989, on the ground that the open space proposal was inadequate because it lacked a sufficient amount of dry land. In response, Kelley filed a timely appeal of the LPZC decision on December 18, 1989.
On January 14, 1991, Judge Walsh sustained the appeal holding that the LPZC's denial of Kelley's subdivision application was an abuse of discretion because regulation 6.8B "makes no distinction between `wet' and `dry' land, [and] Kelley's open land proposal of a combination of `wet and `dry' land which far exceeds 10 percent of the land in the subdivision satisfies [the regulation's] criteria." Kelley Property Development, Inc. v. Lebanon Planning and Zoning Commission, No. 51288 (Super. Ct., New London at New London, January 14, 1991). Judge Walsh also ruled that the regulation was not reasonably precise and that it could not be used to deny Kelley's application. Id.
On February 13, 1991, the LPZC approved Kelley's subdivision application. CT Page 5604
On July 24, 1991, Kelley filed a six-count second amended complaint. Counts one, two, four and five are against the Town of Lebanon, the LPZC and the LPZC members in their official capacities. Counts three and six are against the LPZC members in their individual capacities.[1] All defendants will be collectively referred to as "Lebanon."
All six counts state that the open space component of Kelley's subdivision application complied with and in fact exceeded the requirements of the LPZC subdivision regulations. All the counts allege that because Kelley's application was in compliance with the regulations, Kelly had a constitutionally protected property interest in having the subdivision application approved.
Count one, two, four and five allege that the LPZC "intentionally, knowingly, and arbitrarily abused their governmental authority" by denying Kelley's application. (Second Amended Complaint, First, Second, Fourth and Fifth Counts, para. 39).
Thus count one alleges that the LPZC violated Kelley's rights to substantive due process, as guaranteed by the Fifth andFourteenth Amendments to the U.S. Constitution, and seeks damages pursuant to 42 U.S.C. § 1983. Count two alleges the LPZC violated Kelley's rights to procedural due process, as guaranteed by theFifth and Fourteenth Amendments to the U.S. Constitution, and seeks damages pursuant to 42 U.S.C. § 1983.[2] Count four, seeking damages, alleges violations of substantive due process, as guaranteed by article I, sections 8 and 10 of the Connecticut Constitution. Count five, seeking damages, alleges violations of procedural due process, as guaranteed by article I, sections 8 and 10 of the Connecticut Constitution.
Count three alleges violations of substantive and procedure due process under the U.S. Constitution, against LPZC members as individuals, and seeks damages. Count six alleges violations of substantive and procedural due process under the Connecticut Constitution, against LPZC members as individuals, and seeks damages.
On July 30, 1991, Lebanon filed an answer and special defenses to Kelley's second amended complaint. Kelley replied to the special defenses on July 31, 1991, thereby closing the pleadings.
On January 15, 1992, Lebanon filed the instant motion for summary judgment on all counts, along with a memorandum of law and supporting affidavit, on the ground that Kelley did not have a constitutionally protected property interest in a subdivision application and thus cannot prevail on claims for alleged constitutional violations. Lebanon additionally contends in its CT Page 5605 motion that: (1) Kelley's procedural due process claims fail as a matter of law because Kelley had the opportunity to have the LPZC's actions reviewed by the superior court; (2) Kelley has failed to allege facts sufficient to establish a violation of substantive due process; (3) the individual defendant members of the LPZC are entitled to qualified immunity; and finally (4) Kelley's claims are barred by General Statutes 52-557n(b)(7).
Kelley filed an objection to the motion for summary judgment on February 7, 1992.
Lebanon filed supplemental affidavits supporting the motion for summary judgment on March 2, 1992. Lebanon also filed a supplemental memorandum of law on April 7, 1992. Kelley responded to the supplemental memorandum on the same date.
DISCUSSION
A motion for summary judgment may be used to challenge the legal sufficiency of a pleading. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). Summary judgment shall be rendered "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402,528 A.2d 805 (1987). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." (Citations omitted.) Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988) (citations omitted.) The trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., 247, quoting Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
In its memorandum of law supporting the motion for summary judgment, Lebanon restates and argues each of the points presented in the motion.
Kelley responds in its objection to the motion that: (1) Kelley had an entitlement to approval of the subdivision application and thus a protected property interest; (2) the due process provisions of the Connecticut Constitution protect a broader range of property rights than the Second Circuit decisions interpreting the U.S. Constitution; (3) the second amended complaint states a substantive due process claim under the federal and state constitutions; (4) the second amended complaint states a procedural due process claim under the federal and state constitutions; (5) the individual CT Page 5606 defendant members of the LPZC are not entitled to qualified immunity because they violated Kelley's rights to have the subdivision application judged on the basis of written standards; and (6) General Statutes 52-557 does not apply to constitutional claims or non-discretionary functions.
I. State Constitutional Claims
Kelley concedes in its brief that the Connecticut Supreme Court has held that the due process provisions of the state and federal constitutions are essentially the same; see Blue Sky Bar, Inc. v. Stratford, 203 Conn. 14, 26, 523 A.2d 467 (1987); but argues the supreme court has noted the possibility of protecting broader rights under the state constitution. Notwithstanding, Kelley's claims for damages for violations of due process as protected by the state constitution are unavailing because Connecticut does not have a statute analogous to 42 U.S.C. § 1983 by which to obtain such compensation. An injury is not compensable "absent recognition of that injury either by our courts or by specific statutory provision." Gentile v. Altermatt, 169 Conn. 267, 285,363 A.2d 1 (1975); see also Doe v. State, 216 Conn. 85, 106,579 A.2d 37 (1990). Accordingly, the motion for summary judgment can be granted as a matter of law as to counts four, five and six, which seek damages under the state constitution.
II. Federal Constitutional Claims
The Second Circuit Court of Appeals' interpretations of federal constitutional provisions are binding on this court. Connecticut State Board of Labor Relations v. Fagin, 33 Conn. Sup. 204, 206,360 A.2d 1095 (Super.Ct. 1976); accord Tedesco v. Stamford,24 Conn. App. 377, 385, 588 A.2d 660 (1991).
Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701,33 L.Ed.2d 548 (1972), is the seminal Supreme Court case on constitutionally protected property rights. In Roth, the court held: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id., 564.
The Second Circuit applied the Roth standard in Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54 (2d Cir. 1985), a case factually similar to the one at bar. In Yale, a New Haven used car and junk yard business owner, attempting to relocate his business, applied for a certificate of location approval. Id., 55-56. The local zoning board of appeals denied the application. Id., 56. The business owner appealed the decision to Connecticut Superior Court, which sustained the appeal. Id. The business owner subsequently sued in the United States District Court for the District of CT Page 5607 Connecticut seeking damages pursuant to 42 U.S.C. § 1983, claiming a constitutionally protected property right in the certificate under the federal and state constitutions. Yale Auto Parts, Inc. v. Johnson, 593 F. Sup. 329 (D.C. Conn. 1984), affirmed, 758 F.2d 54
(2d Cir. 1985). The U.S. District Court dismissed the complaint. Id. On appeal, the Second Circuit affirmed explaining that there is a threshold question in due process cases of whether the plaintiff has a constitutionally protected property interest. Yale Auto Parts, Inc. v. Johnson, 758 F.2d at 58. The Second Circuit then articulated the following test to determine the existence of a constitutionally protected property interest:
 [T]he question of whether an applicant has a legitimate claim of entitlement to the issuance of a license or certificate should depend on whether, absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted. Otherwise the application would amount to a mere unilateral expectancy not rising to the level of a property right guaranteed against deprivation by the Fourteenth Amendment.
Yale Auto Parts, Inc. v. Johnson, 758 F.2d at 59.
The Second Circuit clarified this test in Dean Tarry Corp. v. Friedlander, 826 F.2d 210, 212 (2d Cir. 1987), where a Tarrytown, New York developer claimed a constitutionally protected property interest in a site plan and sued in federal court after the state courts overruled the local planning board:
 By [the Yale test] we [do] not intend to remove from constitutional protection every application for a license or certificate that could, under any conceivable version of facts, be the subject of discretionary action; a theoretical possibility of discretionary action does not automatically classify an application for a license or certificate as a mere unilateral hope or expectation. On the contrary, our standard [is] intended to be a tool capable of measuring particular applications to determine if the applicant had a legitimate claim of entitlement based on the likelihood that without the due process violation that application would have been granted.
Id., quoting Yale Auto Parts v. Johnson, 758 F.2d at 59.
Similar to the case at bar, in Dean Tarry, the local planning board denied the developer's site plan on the basis of a regulation that the state courts subsequently held invalid because it was "too generous." Id., 212.
 [The] application was rejected pursuant to a zoning ordinance, extant at the time Dean Tarry submitted its plan for approval, CT Page 5608 that conferred broad discretion on the Planning Board. As in Yale Auto Parts, this discretion, embodied in the governing law, prevented Dean Tarry's expectation of success from rising to the level of certainty required to give rise to a cognizable property right. . . .
 The state courts' decisions invalidating the zoning ordinance and the Planning Board's rejection of Dean Tarry's application do not require a contrary result.
(Citations omitted.) Id., 213. Thus, the Second Circuit held that there was not a constitutionally protected property interest in Dean Tarry. Id.
The Second Circuit applied and further explained the Yale test in RRI Realty Corp., Inc. v. Village of Southampton, 870 F.2d 911
(2d Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 240, 107 L.Ed.2d 191
(1989), another factually similar case where a developer claimed a constitutionally protected property interest in a building permit. In RRI, the Second Circuit reiterated that a protected property interest must be established as a threshold matter for a due process claim to be legally sufficient. Id., 918. The court also elucidated:
 Application of the [Yale] test must focus primarily on the degree of discretion enjoyed by the [permit] issuing authority, not the estimated probability that the authority will act favorably in a particular case. . . .
 Even if in a particular case, objective observers would estimate that the probability of issuance was extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally protected property interest. The "strong likelihood" aspect of Yale Auto Parts comes into play only when the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured; an entitlement does not arise simply because it is likely that broad discretion will be favorably exercised. Since the entitlement analysis focuses on the degree of official discretion and not on the probability of its favorable exercise, the question of whether an applicant has a property interest will normally be a matter of law for the court.
(Emphasis added.) (Citations omitted.) Id.
As noted supra, the regulation by which the LPZC denied Kelley's subdivision application states: "The minimum area of open space shall be 10% of the total area of land to be subdivided. . . . Generally such dedication . . . shall be of such size and location as deemed appropriate by the [LPZC]." (Emphasis added.) LPZC Subdivision Regulation 6.8B. CT Page 5609
Kelley must show, as a threshold matter, that it has a constitutionally protected property interest in order to have legally sufficient due process claims. The LPZC regulation provided the LPZC with broad discretion to approve or deny a subdivision application, based on the proposed amount of open space. Thus, Kelley had a mere unilateral expectancy of having its subdivision application approved, and not an entitlement to it, even though the regulation was subsequently invalidated by the court, Walsh J., as too vague. See Dean Tarry Corp. v. Friedlander, supra. Accordingly, Kelley did not have a constitutionally protected property interest in the application. Consequently, as a matter of law, Kelley has failed to meet the Second Circuit's threshold requirement for due process claims. Thus, counts one, two and three of Kelley's complaint fail to state legally sufficient due process claims under the federal constitution. Accordingly, the motion for summary judgment is granted as a matter of law as to counts one, two and three.
CONCLUSION
Kelley seeks damages under the state constitution although Connecticut does not have a statute analogous to 42 U.S.C. § 1983. Thus, Kelley's state constitutional claims are insufficient as a matter of law. Kelley's claims for damages under the federal constitution pursuant to 42 U.S.C. § 1983 are also insufficient as a matter of law because Kelley has failed to meet the threshold due process requirement of establishing a protected property interest. Accordingly, Lebanon's motion for summary judgment on all six counts is granted.