[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF SUMMARY JUDGEMENT
In its complaint, the plaintiff, Brophy Ahern Development Company, alleges that it has rehabilitated two properties located within the defendant, Town of Manchester ("the town"), that it applied for a tax deferral pursuant to a town resolution, and that the town, acting through its general manager, denied the plaintiff's application. The plaintiff claims in a single count that the denial of its application was arbitrary and capricious, and in violation of its due process and equal protection rights under the federal and state constitutions. The plaintiff seeks declaratory relief, and compensatory damages, attorney's fees, and costs pursuant to the 42 U.S.C. § 1983.
The defendant answered the complaint, and asserted governmental immunity and failure to exhaust administrative remedies as special defenses. The plaintiff replied to the special defenses. The pleadings are closed.
The defendant now moves for summary judgment. In the motion, the defendant claims that the plaintiff did not qualify for the deferral of assessment, that the plaintiff had no protectable property interest in the deferral, and that the plaintiff therefore has no viable civil rights cause of action based on the denial of the deferral. The defendant filed a memorandum of law, an affidavit, and numerous exhibits in support of the motion. The plaintiff has opposed the motion, filing a memorandum of law, an affidavit, and numerous exhibits in support of its position.
The pleadings, affidavits, and exhibits set forth the following operative facts:
On January 12, 1984 the defendant town adopted a resolution ("the resolution") which designated the entire town a rehabilitation area as defined in General Statutes 12-65c. (Defendant's Exhibit A). This resolution allows a property owner who converts commercial or industrial property located within the CT Page 7662 town into residential rental property to defer the increase in assessed value attributable to the rehabilitation over an eight year period, provided that certain criteria and procedures are met. (Defendant's Exhibit A). One of the criteria established in the resolution is that "[n]o owner of any building shall qualify for a deferral of assessment prior to the effective date hereof if the application for deferral is received after rehabilitation work has begun." (Defendant's Exhibit A, Para. 8).
The plaintiff, Brophy Ahern Development Company, is the owner of two industrial properties located within the town, at 210 Pine Street and at 91 Elm Street. (Complaint, Paras. 3-4).
The undisputed facts show that the plaintiff had performed some work on the properties prior to the submission of its application for a tax deferral on February 3, 1988. According to his affidavit, Thomas R. O'Marra, the Zoning Enforcement Officer of the town, observed that the plaintiff had begun renovating and rehabilitating the premises located at 210 Pine Street by removing the existing windows and frames and replacing them with new, modern windows and window frames." (Defendant's Exhibit B). On December 4, 1987, O'Marra issued a cease and desist order to the responsible architect, ordering that work on the property be ceased and that a window installed as of that date be removed. (Defendant's Exhibit B C).
On February 3, 1988, the plaintiff submitted its application for the tax deferral on the 210 Pine Street property ("the application"). (Defendant's Exhibit E). By letter dated February 17, 1988, the town, acting through Robert B. Weiss, General Manager, returned the plaintiff's application on the ground that the plaintiff did not qualify for a deferral on the building. (Defendant's Exhibit F). The letter incorporates by reference a written opinion of William J. Shea, Assistant Town Attorney, which states that "[t]he resolution establishing the program provides in paragraph 8 that no owner of any building shall qualify for a deferral of assessment prior to the effective date of the resolution if the application for deferral is received after rehabilitation work has begun," and that "since the applicant has commenced rehabilitation work on the property, it does not now qualify for an assessment deferral." (Defendant's CT Page 7663 Exhibit F). According to the affidavit of Robert B. Leitze, counsel to the plaintiff, the town representatives declined to change their earlier decision with respect to the 210 Pine Street property, and indicated that "the identical response would be forthcoming" with respect to the 91 Elm Street property, "that response being that the application would be denied on its face, without consideration, as `rehabilitation work' had also begun" on this property. (Plaintiff's Exhibit (Unnumbered)). The plaintiff then commenced this lawsuit.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990). "`The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law entitle him to judgment as a matter of law. . . . [T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984), quoting Dougherty v. Graham, 161 Conn. 248,250, 287 A.2d 382 (1971). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304,309, 407 A.2d 971 (1978). "The test is whether a party would be entitled to a directed verdict on the same facts." Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990), citing Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982). A party may not obtain summary judgment on some but not all of the allegations contained within a single count of a complaint. Scofield v. Bic Corp.,3 Conn. L. Rptr. 229, 229-30 (January 31, 1991, Fuller, J.).
The defendant has advanced three arguments in support of its motion for summary judgment: first, that the plaintiff has no protectable property interest in the deferral, and therefore has suffered no deprivation under the due process clause; second, that it cannot be held liable on a respondeat superior theory under section 1983; and third, that its CT Page 7664 actions withstand the "rational basis" test under the equal protection clause.
Section 1983 provides a remedy for individuals whose federal constitutional or statutory rights are violated under color of state law. In order to establish a claim under section 1983, the plaintiff must prove (1) a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States; and (2) that this constitutional tort was committed by the conduct of a person acting "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." See 42 U.S.C. § 1983; Parratt v. Taylor,451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 572
(1986); Gorra Realty, Inc. v. Jetmore, 200 Conn. 151,165, 510 A.2d 440 (1986). In arguing that its actions did not violate either the due process or equal protection clauses, the defendant is in effect claiming that the plaintiff's constitutional rights were not violated under the first element of a section 1983 cause of action; in claiming that it cannot be held liable for the acts of its employees, the defendant is in effect claiming that it is not a proper "person" under the second element.
A. The Constitutional Tort Element of Section 1983
The plaintiff has alleged that the defendant's actions abridged its rights under the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. Because the violation of either clause may serve as a predicate violation of federal law under section 1983, it is incumbent upon the defendant to show that there is no issue of material fact as to either ground in order to be granted summary judgment.
1. The Due Process Claim
The defendant's first argument is that in order to show a violation of due process, the plaintiff must first demonstrate that the defendant deprived it of "property," and that the plaintiff did not have a cognizable property interest in the deferral because it did not meet the qualifications set forth in the resolution. The plaintiff responds by arguing that the issue of whether it qualified for a deferral under the terms of the resolution is an unresolved question of material fact, precluding summary judgment. CT Page 7665
Because the due process provisions of the state and federal constitutions are essentially the same; see Blue Sky Bar, Inc. v. Stratford, 203 Conn. 14, 26,523 A.2d 467 (1987); these claims may be analyzed together.
In order to prevail on its due process claims, the plaintiff must prove (1) that the property interest it asserts is cognizable under the due process clause; (2) that it has been deprived of that property interest; and (3) that the deprivation of the property interest has occurred without due process of law. Double I Limited Partnership v. Plan Zoning Commission, 218 Conn. 65, 76, 588 A.2d 624 (1991). "In order to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548
(1972). "The question of whether an applicant has a legitimate claim of entitlement to a license or certificate should depend on whether, absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54, 59 (2d Cir. 1985). "Otherwise, the application would amount to a unilateral expectancy not rising to the level of a property right guaranteed against deprivation by theFourteenth Amendment." Id.
The "entitlement" test, as further articulated by the Second Circuit Court of Appeals and the Connecticut Supreme Court, focuses on the amount of discretion vested in the governmental decision-maker. "A statute or ordinance providing procedural guarantees does not create a constitutionally protected property interest unless it sets forth substantive criteria that limit the discretion of the decision-making body." Double I Limited Partnership v. Plan Zoning Commission, supra, 78. A person may have a legitimate claim of entitlement to a benefit even if some discretion remains in the governmental decision-maker; "a theoretical possibility of discretional action does not automatically classify an application for a license or certificate as a `unilateral hope or expectation.'" Dean Tarry Corp. v. Friedlander, 826 F.2d 210, 212 (2d Cir. 1987), quoting Yale Auto Parts, Inc. v. Johnson, supra, 59. CT Page 7666 However, "if the statute, regulation, or contract in issue vests in the state significant discretion over the continued conferral of that benefit, it will be the rare case that the recipient will be able to establish an entitlement to that benefit." Kelly Kare, Ltd. v. O'Rourke, 930 F.2d 170, 175 (2d Cir. 1991).
In order to be entitled to summary judgment in its favor, the defendant must show that the plaintiff does not have a protectable property interest in the deferral as a matter of law. The defendant must therefore show that the defendant town had "significant discretion" to deny the plaintiff's application. See Id.
In determining the plaintiff's eligibility for the deferral, "we focus initially on the relevant statute, regulation, or contract establishing eligibility for the government benefit at issue." Id. In this case, the resolution is the touchstone for ascertaining the scope of the town's discretion to deny the plaintiff's application.
The resolution states that "[n]o owner of any building shall qualify for a deferral of assessment prior to the effective date hereof if the application for deferral is received after rehabilitation work has begun." (Defendant's Exhibit A, Para. 8). The resolution defines "rehabilitation" as
 the process of returning a property to a state of utility through repair or alteration which makes possible an efficient, contemporary use. This shall include remodeling interior spaces of a building to accommodate a new use, replacement of faulty or inadequate electrical, mechanical or plumbing systems that prevent full utilization of a building or altering a building or site to satisfy building codes and/or handicapped codes.
(Defendant's Exhibit A, Para. 1(a)).
The defendant's sole argument on this issue is that the defendant had ample discretion to deny the plaintiff's application because plaintiff had commenced rehabilitation prior to submitting its CT Page 7667 application. This argument finds support in the town building inspector's affidavit (Defendant's Exhibit B) and the plaintiff's Building Permit Application (Defendant's Exhibit C), which indicate that the plaintiff was performing some construction-related activity on the 210 Pine Street property, a fact that is not controverted by the plaintiff. However, the plaintiff contends that this work did not constitute rehabilitation, but "demolition" or "general maintenance."
While the affidavits and other documentary proof submitted by the parties indicate that the plaintiff had undertaken at least some activity prior to submitting its application, they do not show that there is no genuine issue of material fact on this issue. Rather, this determination presents a mixed question of fact and law. Mixed questions of fact and law are not ordinarily susceptible to summary judgment. See Fogarty v. Rashaw, supra, 446. Because there are unresolved questions of fact as to whether the plaintiff has a protectable property interest in the assessment deferral, the defendant's motion for summary judgment is denied as to this ground.
2. The Equal Protection Claim
A party cannot obtain summary judgment on specific allegations contained within a single count. See Scofield v. Bic Corp., supra, 229-30. The plaintiff's equal protection and due process claims are each directed at the same element of the plaintiff's section 1983 cause of action, and because there are unresolved issues of material fact as to this element, the previously-addressed grounds are dispositive of the motion. Therefore, the court need not and does not address the issue of whether the defendant is entitled to judgment as a matter of law on the plaintiff's equal protection claims.
B. Municipal Liability Under Section 1983
The defendant town argues that it cannot be held liable under section 1983 for the constitutional torts of its agents or employees. This argument may be construed as an attack on the element of a section 1983 cause of action that requires that a constitutional tort be committed by a person acting under color of state law. See 42 U.S.C. § 1983; Parratt v. Taylor, supra, 535; Gorra Realty, Inc. v. CT Page 7668 Jetmore, supra, 165.
Section 1983 applies only to "persons" acting under color of state authority. 42 U.S.C. § 1983; Monell v. Department of Social Services, 436 U.S. 658,691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). While a municipality cannot be held liable under 1983 on a respondeat superior theory for the actions of its employees, a municipality may be held liable where the actionable conduct may be attributable to the municipality itself. Monell v. Department of Social Services, supra, 691. Municipalities and other bodies of local government may be sued directly under 1983 if the governmental body is alleged to have itself "committed a constitutional tort `through a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers.'" St. Louis v. Praprotnik, 485 U.S. 112,121, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), citing Monell v. Department of Social Services, supra, 690. The "officers" for whose acts a municipality may be liable include "those whose edicts may fairly be said to represent official policy." Monell v. Department of Social Services, supra, 694.
In order to determine whether a person's "edicts may fairly be said to represent official policy," the court must determine whether the acting official is "responsible for establishing final government policy respecting such activity." Pembauer v. Cincinnati,475 U.S. 469, 481-83, 106 S.Ct. 1292, 89 L.Ed.2d 452
(1986).
Section 1983 applies only to "persons" acting under color of state authority.
 Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority. . . . However, like other governmental entities, municipalities often spread policymaking authority among various officers and official bodies. As a result, particular officers may have authority to establish binding [municipal] policy with respect to certain matters and to adjust that policy for the [municipality] in changing circumstances.
CT Page 7669
Pembauer v. Cincinnati, supra.
The plaintiff has alleged that the general manager of the town, acting on the town's behalf, denied the plaintiff's applications. (Complaint Paras. 10-12; Plaintiff's Exhibit E). The defendant has set forth no affidavits or other documentary evidence showing that the town manager is not a person whose "edicts may fairly be said to represent official policy," Monell v. Department of Social Services, supra, 694; Pembauer v. Cincinnati, supra; St. Louis v. Praprotnik, supra, 121. Therefore, because there are unresolved questions of fact as to whether the defendant can be held liable under section 1983, the motion for summary judgment as to this ground is denied.
The defendant's motion for summary judgment is denied.
Mary R. Hennessey, Judge