[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The narrow issue presented by the plaintiff's motion to compel is whether the privilege of a journalist not to reveal the identity of a confidential source, as recognized by Judge David M. Shea in Connecticut State Board of Labor Relations v. Fagin,33 Conn. Sup. 204, 370 A.2d 1095 (1976), has been waived.
The plaintiff's revised complaint alleges, inter alia, that the defendants "caused" Paul Bass, a reporter and editor of the New Haven Advocate, to submit a Freedom of Information request to the Connecticut Housing Finance Authority (CHFA)[1] and that the defendants made "false and malicious allegations that the plaintiff had engaged in misuse of money' to the detriment of the public and the poor, which allegations the said Bass thereafter published in the New Haven Advocate."
At the defendants' request, Bass executed an affidavit which has been submitted by the defendants in support of their pending motion for summary judgment. In his affidavit, Bass relates that he has been reporting about the plaintiff's activities for years CT Page 4745 and that "the CHFA did not `cause' or encourage me to make a Freedom of Information request for information about Wendell Harp or any of [his] properties."
At Bass' deposition in this action, the following exchange occurred between him and the plaintiff's attorney.
 Q. Okay. . . . Now, one of the things you asked about in your FOI request was a meeting which had taken place at CHFA concerning Mr. Harp. How did you know to ask about that?
A. I had learned that there was a meeting.
Q. How had you learned?
A. Someone told me.
Q. And who was it who told you?
A. Confidential source.
In his motion, the plaintiff seeks to compel Bass to disclose the name of confidential source, whether that source is a person employed by CHFA, and whether that source is one of the defendants. Based on the statement bass made in his affidavit, the plaintiff claims that Bass has waived his journalistic privilege against disclosing the identity of his heretofore confidential source. "Waiver is the `intentional relinquishment or abandonment of a known right or privilege.'" City of New Havenv. Local 884, Council 4, 237 Conn. 378, 385, 677 A.2d 1350
(1996), quoting Johnson v. Zerbst, 304 U.S. 458, 464,58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938). "It involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] . . . are sufficient." (Citations omitted; internal quotation marks omitted.) Soares v. MaxServices, Inc., 42 Conn. App. 147, 175, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996). Not only is there no basis on which the court may make a finding of waiver, but the statement in Bass' affidavit is not, as the plaintiff suggests, inherently contradictory of the statement, quoted above, made by Bass at his deposition. It would appear that, while the idea to make an Freedom of Information request on CHFA was Bass' own, the idea to include therein a specific request about a meeting that had occurred at CHFA was prompted by information that Bass had CT Page 4746 received from his source.
The motion to compel is denied.
Bruce L. Levin, Judge of the Superior Court